IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TODD G. COLE                          )
                                      )
v.                                    ) NO. 3-12-0153
                                      ) JUDGE CAMPBELL
PAMELA COLE, et al.                   )

MEMORANDUM

Pending before the Court are the following Motions: Defendant Hirschberg's Motion to Dismiss (Docket No. 8); Defendant Roselli's First Motion to Dismiss (Docket No. 14); Defendant Di Giulian's Motion to Dismiss (Docket No. 22); Plaintiff's Motion to Amend/Correct (Docket No. 37) and Plaintiff's Motion for In Camera Interview with Minor Child (Docket No. 44).

For the reasons stated herein, Plaintiff's Motion to Amend/Correct (Docket No. 37) and Motion for In Camera Interview with Minor Child (Docket No. 44) are DENIED.  Defendants' Motions to Dismiss (Docket Nos. 8, 14 and 22) are GRANTED, and this action is DISMISSED.

FACTS

This action arises from divorce and child custody proceedings in the State of Florida. Plaintiff contends that he and his former wife entered into a Marital Separation Agreement whereby they had equal time with their two minor children and neither parent was designated as the primary residential parent.  Plaintiff asserts that, after the divorce, he was transferred for work to Minnesota and then to Tennessee.  As a result, Plaintiff alleges that he filed a Petition to Relocate the parties' children, but that Petition has never been heard in the Florida state court.

Plaintiff avers that the Florida state court appointed Defendant Roselli as the children's Guardian ad Litem. Plaintiff takes issue with the actions of Roselli in this court-appointed role, including her demand for payment and alleged refusal to communicate with Plaintiff or speak to any of Plaintiff's witnesses.

Plaintiff asserts that Defendant Hirschberg is his former wife's attorney. Plaintiff claims that Hirschberg conspired with the other Defendants to deprive Plaintiff of his parental and due process rights. Plaintiff alleges that he filed a Motion to Disqualify Defendant Hirschberg in the underlying child custody dispute, alleging that Hirschberg lied under oath and filed fraudulent court documents, but that Plaintiff was forced, against his will, to withdraw that Motion.

Plaintiff asserts that Defendant Di Giulian served as mediator in the dissolution of marriage case in Florida state court despite an alleged conflict of interest. Plaintiff disagrees with many of the various Florida state court decisions in his dispute with his former wife concerning child custody, support and visitation and with many actions of the state courts.

In this action, Plaintiff alleges claims for violation of his Fifth and Fourteenth Amendment rights to due process, pursuant to 42 U.S.C. § 1983; for abuse of process; and for violation of certain federal criminal laws. He claims that the Defendants have conspired to deprive him of his right to raise his children, have abused the legal process in Florida for an improper purpose, and have violated certain federal criminal laws concerning false and/or fraudulent pretenses.[1]

Defendants Hirschberg, Roselli and Di Giulian have filed Motions to Dismiss Plaintiff's claims. Plaintiff voluntarily dismissed his claims against Defendant Pamela Cole (Docket No. 25),

---

[1] Criminal claims must be brought by the Attorney General, not by private citizens, so the Court cannot consider Plaintiff's claims for violations of criminal statutes.

2

and no one has entered an appearance herein on behalf of either Defendant Cline or Defendant Aramony.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT

Plaintiff seeks leave to amend his complaint for a second time to assert a response to Defendants' alleged qualified immunity defense. Defendants have not raised a qualified immunity defense.[2] Therefore, Plaintiff's Motion to Amend is DENIED.

## PENDING MOTIONS TO DISMISS

Each of the three Motions to Dismiss raises, among other things, the following issues: preemption, lack of personal jurisdiction, improper venue, lack of subject matter jurisdiction, failure

---

[2] Defendants Roselli and Digulian have raised defenses of absolute immunity.

to state a claim, and no state action. Because the Court finds that it lacks personal jurisdiction over Defendants Hirschberg, Roselli and Di Giulian, and that, in any event, it should abstain from hearing this matter, the Court need not reach the other issues.

## PERSONAL JURISDICTION

Defendant Hirschberg testified that he has never been licensed to practice law in Tennessee, he has never traveled to Tennessee, he has never transacted business in Tennessee, he has never owned property in Tennessee, and he lives and works in South Florida. Docket No. 10.

Defendant Roselli testified that, although she attended Vanderbilt University for her undergraduate degree, which she received in 1987, she did not attend law school in Tennessee and has never practiced law in Tennessee. Since graduating from Vanderbilt, she has not lived in Tennessee. She has never owned property in Tennessee and has never transacted business in Tennessee. She has never contracted to provide services, materials or other things to Tennessee and has never served as a director or officer of a Tennessee corporation. Docket No. 14-2.

Defendant Di Giulian testified that he has continuously practiced law in Florida since 1957 and has never practiced law in Tennessee. He has never been a citizen of or resided in Tennessee. He has never owned any interest in any property in Tennessee. He has never transacted business or contracted to supply services, materials or things in Tennessee and has never served as a director or officer of a Tennessee corporation. Docket No. 22-1.

The Plaintiff bears the burden of establishing that personal jurisdiction over the Defendants exists in this case. *See, e.g., International Technologies Consultants, Inc. v. Euroglas*, 107 F.3d 386, 391 (6th Cir. 1997). Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists if the defendant is

4

amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction will not deny the defendant due process. *Bridgeport Music, Inc. v. Still N the Water Publishing*, 327 F.3d 472, 477 (6th Cir. 2003). Tennessee's long-arm statute has been interpreted to extend to the limits on personal jurisdiction imposed by the Due Process Clause. *Id.*; *Payne v. Motorists' Mut. Ins. Companies*, 4 F.3d 452, 455 (6th Cir. 1993).

The Supreme Court has held that personal jurisdiction over a defendant comports with the Due Process Clause where that jurisdiction stems from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 104 S.Ct. 1482, 1486 (1984) (quoting *International Shoe Co. v. Washington*, 66 S.Ct. 154, 158 (1945)).

Personal jurisdiction may be general or specific depending on the nature of the contacts that the defendant has with the forum state. *Bridgeport,* 327 F.3d at 477. General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998). There is no allegation of general jurisdiction in this case.

Specific jurisdiction, on the other hand, subjects the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum. Id. The Sixth Circuit has established three criteria to be used in determining whether specific jurisdiction exists in a particular case:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection

5

with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Bridgeport*, 327 F.3d at 477-78.

The "purposeful availment" requirement is satisfied when the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. *Bridgeport*, 327 F.3d at 478. A defendant should not be haled into a jurisdiction where his contacts are random, fortuitous, or attenuated or as a result of the unilateral activity of another party. *Id*.

The only basis for which Plaintiff asserts personal jurisdiction exists over Defendant Roselli is her act of faxing a report to Plaintiff's counsel in Tennessee. Docket No. 35. The asserted bases for personal jurisdiction over Defendant Hirschberg are faxing that same report to Plaintiff's counsel and participating in a telephonic hearing with the Juvenile Court Judge of Wilson County, Tennessee, and the Florida state court *after* this action was filed. *Id*. These acts hardly create a substantial connection with the State of Tennessee or constitute Defendants' having purposefully availed themselves of the opportunity to act or cause a consequence in this state. In fact, these acts resulted from Plaintiff's own activity in the courts of Florida and Tennessee.

Plaintiff also asserts that all three Defendants are subject to this Court's jurisdiction under a conspiracy theory, arguing that the acts of Hirschberg and Roselli also subject Defendant Di Giulian to personal jurisdiction here. There being no personal jurisdiction over Hirschberg and Roselli, the Court has no personal jurisdiction over Defendant Di Giulian either, even if a conspiracy theory of jurisdiction were appropriate, which the Court does not find.

6

For these reasons, the Court finds that Plaintiff has failed to carry his burden of showing sufficient minimum contacts by these Defendants with the State of Tennessee for this Court to assert personal jurisdiction over them. There being no personal jurisdiction, Defendants' Motions to Dismiss are granted, and this action is dismissed without prejudice.

Accordingly, Plaintiff's Motion for In Camera Interview with Minor Child is moot.

## ABSTENTION

In any event, even if the Court did have personal jurisdiction over Defendants, it would abstain from exercising jurisdiction over this case or dismiss it for lack of subject matter jurisdiction. Abstention would apply to the other Defendants (Cline and Aramony) as well.

Plaintiff asks this Court to issue a stay of the family proceedings in Florida, order the State of Florida to change the venue of the Florida proceedings, and order the Eleventh Circuit[3] court in Florida to take certain actions. Docket No. 6. The Supreme Court has established and extended what it calls the "*Younger* abstention doctrine"[4] to prohibit federal courts from issuing injunctions that serve to interfere with state criminal and civil proceedings. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008).

Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding; (2) whether the proceedings implicate an important state interest; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. *Fieger*. 524 F.3d at 775.

---

[3] Although it is not clear from Plaintiff's Amended Complaint, it appears that the 11th Circuit referenced by Plaintiff is a state court of appeals.

[4] *Younger v. Harris*, 401 U.S. 37 (1971); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975).

7

Here, it is undisputed that the underlying proceedings constitute an ongoing judicial proceeding in Florida state court. Moreover, as shown below, domestic matters clearly implicate important state interests. Finally, Plaintiff can raise his constitutional challenges in the state proceedings.

Abstention is appropriate unless state law clearly bars the interposition of the constitutional claims. *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir.2006). Plaintiff has not shown that Florida law or the Florida courts have barred presentation of his constitutional claims. Rather, Plaintiff argues that his case fits within an exception to *Younger* abstention because the state court proceedings are being conducted in bad faith and are motivated by a desire to harass. Docket No. 33. The circumstances about which Plaintiff complains can be raised in the state court and can be appealed through that state court system.[5] Plaintiff's children are in Florida; the divorce proceedings, including child custody issues, must be raised in Florida. This Court will not interfere with those state court proceedings.

Moreover, domestic relations are preeminently matters of state law. *Elk Grove Unified School District v. Newdow*, 124 S.Ct. 2301, 2309 (2004). So strong is the deference of the Supreme Court to state law in this area that it has recognized a "domestic relations exception" that divests federal courts of power to issue divorce, alimony and child custody decrees. *Id*. In addition, it may be appropriate for federal courts to decline to hear cases involving elements of the domestic relationship even when divorce, alimony or child custody is not strictly at issue. *Id*. In general, it

---

[5] To the extent Plaintiff is asking this Court to overturn decisions of the Florida state courts, the Court would abstain pursuant to the *Rooker-Feldman* Doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (*Rooker-Feldman* Doctrine applies to state-court losers inviting review and rejection of the state court judgments).

is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts. *Id.*; *see also McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999) and *Deuel v. Dalton*, 2012 WL 1155208 (M.D. Tenn. April 4, 2012).

For these reasons, even if the Court had personal jurisdiction over Defendants, it would abstain and decline to exercise subject matter jurisdiction over this case.

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss (Docket Nos. 8, 14 and 22) are GRANTED, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE